PUIGDOLLERS v. MONROIG.

APPEAL from the District Court of San Juan.

No. 286.—Decided November 25, 1908.

APPEALABLE ORDERS—ALIMONY—ORDER MODIFYING SAME.—An order made upon a motion for the reduction of the monthly allowance for alimony, paid by a defendant under a decree of divorce, is appealable, because it is an order rendered after final judgment and therefore included within the provisions of paragraph three of section 295 of the Code of Civil Procedure.

ALIMONY—MODIFICATION AND REVOCATION—ADEQUATE PROCEEDING.—Where a district court grants alimony it has jurisdiction to set aside or modify its order so doing, whenever in accordance with the provisions of section 177 of the Civil Code the circumstances justify such action, and such an order may be sought by means of a motion made during the principal suit, without the necessity of filing a separate complaint for the purpose.

ID.—RES JUDICATA—PROCEDURE TO BE FOLLOWED.—The granting of alimony cannot be considered as *res judicata,* but the losing party may always reopen the case.

ID.—ACTION OF UNLAWFUL DETAINER—RULES OF PROCEDURE APPLICABLE TO THE CASE.—In an action for alimony, the rules of procedure to be followed in an action of unlawful detainer should govern with respect to the filing of the complaint and the introduction of evidence in accordance with the provisions of section 84 of the act relating to special legal proceedings, approved March 9, 1905.

ID.—AFFIDAVIT IN EVIDENCE.—In accordance with the provisions of section 123 of the Law of Evidence, in a suit for provisional maintenance, the testimony of witnesses may be introduced in evidence; but if affidavits are presented and no objection is made thereto by the adverse party, the court may consider the same.

ID.—AMOUNT OF ALIMONY.—Alimony amounting to $50 per month to be paid by a husband earning at least $150 per month, is moderate and should not be reduced.

The facts are stated in the opinion.

*Mr. Méndez Vas* for appellant.

*Mr. Juan de Guzmán Benítez* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

Antonio Monroig, after a suit for divorce against him by his wife, was ordered to pay her the sum of $50 a month as alimony. In the suit between Georgina Puigdollers and Antonio Monroig with respect to their community property the said Georgina Puigdollers recovered the sum of $5,785.95 against the said Antonio Monroig; whereupon the said defendant Monroig made an application for a reduction of alimony because of the improved financial condition in which the said plaintiff found herself. The said Antonio Monroig proved his claim by filing a copy of the judgment of the district court with respect to such property, and the fact of receipt of the money named in said judgment was admitted by his said wife. In response to the petition of the husband the said wife filed three affidavits to show what the expenses had been, and how in the course of the proceedings she had been compelled to pay out a

very large sum, leaving a total amount which had been received by her reduced to about $1,600. The introduction of these affidavits was opposed by the attorney for Monroig because they were not in proper shape and were not properly filed; but afterwards he consented to admit them for what they could prove. The case was heard before this court on the 21st of October, 1908. The attorney for Georgina Puigdollers asks that the case be dismissed because this application is none of those mentioned in section 295 of the Code of Civil Procedure and not properly appealable. He urges that the object of this motion is to destroy the judgment and not to carry it into effect. But it appears to us that, supposing the court below had jurisdiction to entertain this motion in the suit already filed, then any order dictated with respect to such motion is an order made after final judgment and therefore appealable by virtue of paragraph three of section 295 of the Code of Civil Procedure.

The first question for us to inquire into is whether the District Court of San Juan has jurisdiction to entertain such motion without a separate suit being filed for this purpose. Section 177 of the Civil Code of Porto Rico provides that alimony shall be revoked if it shall be unnecessary, or if the divorced wife contracts a second marriage. Now, while the strict words of that section might appear to apply to the question of the whole of the alimony, yet such language must be given reasonable construction and if the alimony may be revoked altogether, it may be modified in the discretion of the district court. The use of the word "revoke" implies that the suit for revocation or modification should take place in the principal suit where the parties are already before the court with their attorneys. It would be a hardship to require a person seeking a reduction of alimony to file a separate suit, when the same purpose can be accomplished by motion. Under the Spanish Code of Civil Procedure the words *"alimentos provisionales"* are never considered *"cosa juzgada."* The losing party might always reopen the case. Section 84 of the law of

special proceedings of March 9, 1905, provides that all claims for temporary maintenance shall be governed by the procedure provided for actions of unlawful detainer. We take this to mean that such an action in its initiation and presentation of proof should follow as closely as possible the rules laid down in the action of unlawful detainer, and to the other things provided in sections six and seven of the act with respect to unlawful detainer. (Laws of Porto Rico, 1905, p. 184.) In the United States the application for a modification of alimony is usually made on motion, and we think a similar purpose was intended by section 177 of the Civil Code. We think that the procedure pursued by the defendant was proper and that the court had jurisdiction. A serious question might have arisen whether the court should have proceeded to hear witnesses or should have permitted the presentation of affidavits, in other words, whether Georgina Puigdollers brought herself within the provisions of the law of evidence of March 9, 1905. Section 128 of the law of evidence provides that an affidavit may be used in a proceeding to obtain a provisional remedy. Here, however, both parties regarded the suit as one for provisional maintenance. Nevertheless, if the attorney for Monroig had any objection to the affidavits he should have not made the statement that he admitted them for what they could prove. By virtue of section 123 of said law of evidence the testimony of witnesses might have been taken, but in any event if no objection is made to their use the affidavits may be considered as proof. *"Consensus tollit errorem."* Considering these affidavits as things properly before the court the only question remains whether the court abused its jurisdiction in continuing the allowance as fixed by the original judgment. It is true that there has been a change in the finances of Mrs. Puigdollers. The husband, however, makes no showing whatsoever of his own resources. The few thousand dollars that have been added to the amount that the plaintiff already had, could not have materially changed her condition. We do not see how a much smaller sum could be paid by a man to his wife

if he was earning more than $150 a month and this amount must have been earned by him in this case for the court to have made the original award of $150 a month. If by independent means she could raise her total income to $70 or $75 a month the court cannot be said to have abused its discretion in refusing to reduce the amount already awarded, especially when the station in life of these parties is considered. If a showing was made to us that the wife had received many thousands of dollars, or if it were a case in which there was an allowance originally made of an amount much greater than the needs of the wife, or if the husband's circumstances had been changed, or he was earning less, then possibly we might gainsay the discretion of the court below, but not otherwise. The order appealed from must be affirmed.

*Affirmed.*

Justices Hernández, Figueras, and MacLeary concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.